**Kerry Ross RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–168–CR.**

Court of Appeals of Texas, Austin.

Aug. 28, 1985.

Rehearing Denied Oct. 23, 1985.

Thomas A. Autry, Austin, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PER CURIAM.

A jury found appellant guilty of bail jumping and failure to appear, and assessed punishment at imprisonment for five years, probated. Tex.Pen. Code Ann. § 38.11(a), (f) (1974). In his first ground of error, appellant contends the evidence is insufficient to support the judgment of conviction. We agree.

On April 22, 1982, appellant was indicted in Lampasas County for aggravated possession of marihuana. He was arrested and jailed in New Braunfels, Comal County, on April 29. On April 30, appellant was released after posting a $25,000 surety bond. This bond provided that appellant:

> shall well and truly make his personal appearance instanter before the 27th District Court of Lampasas County, Texas, at its present term, if now in session, or at its next regular term if now in vacation, to be held at the Court House of Lampasas County, in the City of Lampasas, Texas, and further shall well and truly make his appearance before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect.

On August 5, 1982, a pretrial hearing was held in Lampasas for which appellant did not appear. A capias was issued and appellant was arrested on August 9 in New Braunfels. The arresting officer testified that appellant voluntarily presented himself at the police station after learning from his employer that the police were looking for him.

Section 38.11, *supra*, provides:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear

commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

. . . . .

(c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

Appellant contends the State did not prove he intentionally or knowingly failed to appear at the August 5 hearing. Appellant asserts that he received no notice that the hearing had been set and that such lack of notice constitutes a reasonable excuse under § 38.11(c).

Sharon Long, court coordinator for Bell and Lampasas Counties, testified she made no effort to notify appellant of the August 5 hearing. Instead, on July 28 or 29, she mailed a copy of the court docket sheet to Aguinaldo Zamora, the surety on appellant's bond. This notice was not sent return receipt requested, and there is no evidence it was received. Long testified she did not send a copy of the notice to appellant because it was the surety's responsibility to have him in court. Although Long ordinarily sends copies of hearing notices to attorneys, she did not do so in this case because her records did not indicate that appellant had an attorney.

Zamora testified he was still doing business at the address shown on appellant's bond, but did not receive the notice mailed by Long. Zamora also testified that at the time he entered into the bond, he told appellant that appellant would be notified by mail of any court proceedings at which he was required to be present. Zamora also told appellant that he, Zamora, would notify appellant of any court settings.

Appellant testified that after he was released from jail, he continued to live at the address shown on the bond and maintained his regular employment in New Braunfels. He stated that he relied on Zamora's assurance that he would be notified before he was to appear in court, and received no notice that he was to appear on August 5.

Appellant pointed out that he had made numerous court appearances since that date, and stated that he would have appeared on August 5 had he known of the setting.

The State does not dispute appellant's claim that he had no actual notice of the August 5 hearing. Instead, the State argues that the wording of appellant's bond gave him legally adequate notice of the hearing, citing *Euziere v. State*, 648 S.W.2d 700 (Tex.Cr.App.1983). The defendant in *Euziere*, as did appellant, failed to appear at a pretrial hearing after being released on an instanter bond. As does appellant, Euziere contended on appeal that the State failed to prove he intentionally or knowingly failed to appear. The court rejected this contention, stating:

> With regard to ground of error number five, appellant argues that the state failed to show the required mental state since it could not establish that appellant had notice of the court appearance. In *Caudillo v. State*, 541 S.W.2d 617 (Tex. Cr.App.1976), the defendant was held under an almost identical bail bond. We held, citing, *International Fidelity Insurance Company v. State*, 495 S.W.2d 240 (Tex.Cr.App.1973), that the instanter bond gave proper notice as to when the defendant was to appear. Bond in this cause likewise directs appellant to appear instanter. We hold that such wording of the bond provides appellant with sufficient and proper notice. Since appellant had notice of the setting and since appellant asserts "no reasonable excuse" [footnote 1 omitted] for his failure to appear,[2] the evidence is sufficient to prove that appellant intentionally and knowingly failed to appear in accordance with the terms of his release.

. . . . .

[2] There is no evidence in the record that either appellant's attorney or bondsman gave appellant any directions regarding notice of appearance contrary to those given when appellant was released.

648 S.W.2d at 702.

■ Under the State's interpretation of *Euziere*, any defendant released on an in-

stanter bond is deemed to have notice of any and all subsequent settings in his case. Therefore, the State argues that it satisfies its burden of proving a culpable mental state under § 38.11 by merely proving the terms of the bond, and that the defendant may not assert a lack of actual notice as an excuse for his failure to appear. In our opinion, this reading of *Euziere* is erroneous because it ignores the facts of that case.

In *Euziere,* the court took care to point out that there was no evidence the defendant had been given any directions by his attorney or bondsman regarding notice contrary to the terms of the bond. Such evidence is present in the instant cause: appellant, appellant's wife, and Zamora each testified that the bondsman assured appellant that he would be notified of any proceedings at which his appearance would be required. In *Euziere,* there does not appear to have been any evidence that the defendant did not have actual notice of the hearing. Again, there is such evidence in the instant cause: the court coordinator, a witness for the State, testified that no effort was made to notify appellant of the August 5 hearing, and Zamora's testimony that he did not receive the notice sent to him is uncontradicted. We do not believe we are required by *Euziere* to conclusively presume appellant had notice of the August 5 hearing in the face of undisputed evidence to the contrary.

We construe *Euziere* to mean that in a prosecution under § 38.11, proof the defendant was free pursuant to an instanter bond constitutes a prima facie showing that he had notice of the proceeding at which he failed to appear. This prima facie showing will satisfy the State's burden of proving a culpable mental state in the absence of any evidence to the contrary. But where, as in the instant cause, there is evidence the defendant did not, in fact, have notice of the proceeding in question, the State must do more than prove the terms of the bond in order to meet its burden of proving an intentional or knowing failure to appear. In such cases, the

State must offer evidence that the defendant did have actual notice, or that he engaged in a course of conduct designed to prevent him from receiving notice. The State offered no such evidence in this case.

In summary, the evidence is undisputed that appellant did not have notice of the August 5 hearing. Moreover, there is no evidence appellant engaged in conduct designed to prevent him from receiving notice. Even when the evidence is viewed in the light most favorable to the prosecution, we conclude that no rational trier of fact could find beyond a reasonable doubt that appellant intentionally or knowingly failed to appear at the hearing.

The judgment of conviction is reversed and reformed to reflect an acquittal.

### ON MOTION FOR REHEARING

PHILLIPS, C.J., not participating.

In its motion for rehearing, the State asserts that this Court's holding on original submission is contrary to the terms of Tex. Pen.Code Ann. § 38.11 (1974). However, it is the State which seeks to avoid the terms of § 38.11 by absolving itself of the burden of proving a culpable mental state.

Under § 38.11, failure to appear in accordance with the terms of one's release is a crime only if the failure is *intentional* or *knowing.* Such a cupable mental state cannot be shown absent proof the defendant had notice of the proceeding at which he failed to appear. The State does not deny that the record is devoid of any evidence appellant actually knew he was to appear at the August 5th hearing, but argues that such notice was not necessary because appellant's bond obligated him to appear "instanter." As expressed by the State in its motion for rehearing, "[a]n 'instanter' bond requires an immediate and continuous appearance until discharged," and "[t]he terms of a defendant's release under such a bond dispenses with further notice of particular proceedings." Thus, it is the State's argument that appellant waived actual notice of future proceedings

in the criminal cause pending against him by signing the instanter bond.

The State's argument is in conflict with the clear terms of § 38.11, which contains no provision imposing strict liability on those persons released pursuant to instanter bonds. Moreover, to interpret the term "instanter" so as to relieve the State of its burden of proving a culpable mental state in prosecutions under § 38.11 would raise serious constitutional questions. *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Lowry v. State,* 692 S.W.2d 86 (Tex.Cr.App.1985). As noted in our decision on original submission, the opinion in *Euziere v. State,* 648 S.W.2d 700 (Tex.Cr.App.1983), does not compel the result sought by the State. The other opinions cited by the State are appeals from bond forfeitures. Such cases, being civil in nature, are of little precedential value in resolving the issue before us.

Finally, the State argues that the opinion of this Court "inherently holds that testimony of a defense to a criminal charge must be accepted by the fact finder absent evidence expressly contradicting it." To the contrary, it is the opinion of this Court that appellant's defensive testimony had the *legal* effect of overcoming the State's prima facie showing of notice. Appellant is not entitled to a judgment of acquittal in this cause because the jury was required to believe his defensive testimony, but because the State offered no evidence from which the jury could reasonably find that appellant intentionally or knowingly failed to appear.

The motion for rehearing is overruled.