David Blake SOLOMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00080–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 1999.

Rehearing Overruled Aug. 19, 1999.

Jeffrey Bendit, Brazoria, for appellants.

David P. Bosserman, Angleton, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## O P I N I O N

LESLIE BROCK YATES, Justice.

Appellant, David Blake Solomon, was charged with two counts of failure to appear. A jury found appellant guilty and assessed a punishment of five years confinement and a $1500 fine for both counts. Appellant filed a motion for new trial which was subsequently denied by the trial court. On appeal, appellant challenges his conviction with four points of error. We affirm.

## Background

In January 1993, appellant pleaded guilty to a charge of theft and was sentenced to 10 years confinement. He appealed the judgment to the First Court of Appeals, and his appeal bond required him to appear instanter. A hearing was set in November 1994 to determine whether appellant wanted to prosecute his appeal, but he failed to appear. The trial court found appellant had properly been given notice of the setting and, in February 1995, the appeals court issued a mandate dismissing his appeal. In October 1995, appellant was scheduled to appear the following month to begin serving his sentence, but he again failed to appear. He was subsequently charged with two counts of failure to appear and it is from these convictions that he now appeals.

## Discussion

In his first point of error, appellant contends the trial court erred in denying his motion for instructed verdict. Specifically, he argues the evidence was insufficient to sustain a conviction because the State failed to prove an essential element of the offense.

Section 38.10 of the Penal Code provides in relevant part:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

. . . .

(c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

TEX. PEN.CODE ANN. § 38.10 (Vernon Supp. 1999). Appellant claims the State did not prove he intentionally or knowingly failed to appear at the two hearings. He also asserts he received no notice of the hearings, and that such lack of notice consti-

tutes a reasonable excuse under subsection (c).

■ A challenge to the trial court's ruling on a motion for instructed verdict is treated as a challenge to the legal sufficiency of the evidence. *See Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App.1993) (citing *Madden v. State,* 799 S.W.2d 683 (Tex.Crim.App.1990)). When reviewing whether the evidence is legally sufficient to support a conviction, the court should consider all the evidence in the light most favorable to the verdict. *See Madden,* 799 S.W.2d at 686. The test for sufficiency is whether, after viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The first hearing at which appellant failed to appear was set for November 1994. The bail bond specified that appellant make personal appearance before the court "instanter."[1] Appellant's counsel testified that he wrote a letter to appellant notifying him of the setting date, but sent it to an address different from the one listed on the bond, and that it was later returned unopened. Appellant's attorney also testified his secretary either told appellant's mother of the setting or left a message on her answering machine notifying him of the date. Appellant concludes the State failed to demonstrate that appellant had notice of the proceeding. We disagree.

■ In *Euziere v. State,* 648 S.W.2d 700 (Tex.Crim.App.1983), the Court of Criminal Appeals held that proof the defendant was free pursuant to an instanter bond constitutes a prima facie showing that he had notice of the proceeding at which he failed to appear. *See id.* at 702. This prima facie showing will satisfy the State's burden of proving a culpable mental state

in the absence of any evidence to the contrary. *See id.; Richardson v. State,* 699 S.W.2d 235, 238 (Tex.App.—Austin 1985, pet. ref'd). In the instant case, the State made a prima facie showing that appellant had notice of the setting by establishing that he was free pursuant to an instanter bond. Appellant, however, has presented no evidence showing he did not receive notice of the setting. The fact that his attorney's letter was returned unopened was merely evidence that he did not receive the letter, not proof that he received no notice.

Appellant cites *Richardson v. State,* 699 S.W.2d 235 (Tex.App.—Austin 1985, pet. ref'd) as authority supporting his position. The facts in the instant case, however, are distinguishable from those in *Richardson.* In *Richardson,* the court coordinator testified she made no effort to contact the defendant about the setting date. *See id.* at 237. Additionally, the surety testified he received no notice of the setting and did not attempt to notify the defendant, after having told the defendant that he would be notified by mail of any court proceedings. *See id.* The defendant also testified that he remained at the same address shown on the bond during this period and that he received no notice of the setting date. *See id.* The court found the evidence undisputed that the appellant did not have notice of the hearing, and consequently, reversed appellant's conviction. *See id.* at 238. In contrast to *Richardson,* appellant in the present case established, at most, that he did not receive the letter from his attorney. This is not evidence from which we conclude appellant received no notice of the November 1994 hearing.

The second hearing at which appellant failed to appear was set for November 1995. The court coordinator testified she sent a letter to appellant, at the address listed on his bail bond, notifying him of the

1. Black's Law Dictionary defines "instanter" as follows:

Immediately; instantly; forthwith; without delay.... The term was usually understood to mean within twenty-four hours. BLACK'S LAW DICTIONARY 718 (5 th ed.1979).

hearing. Additionally, the court records verify the letter was not returned. As we noted above, proof that appellant was released pursuant to an instanter bond constitutes a prima facie showing that appellant had notice of the proceeding in the absence of evidence to the contrary. *See Euziere*, 648 S.W.2d at 702. Appellant has presented no evidence that he did not receive notice of the November 1995 hearing; instead, he bases his contention that he didn't receive notice upon the mere fact that the court coordinator could not testify whether appellant ever received notice. This does not constitute evidence that he did not receive notice. We therefore find the evidence sufficient to prove that appellant intentionally and knowingly failed to appear in accordance with the terms of his release. We overrule appellant's first point of error.

■ In his second point of error, appellant contends the trial court erred in denying his request for a defensive instruction. Specifically, he claims he received no notice of the hearings, and that such lack of notice constitutes a reasonable excuse for his failure to appear, thereby entitling him to a defensive instruction.

■ Appellant bases his contention upon section 38.10(c) of the Penal Code, which provides: "It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release." TEX. PEN.CODE ANN. § 38.10(c) (Vernon Supp.1999). Section 2.03(c) states "[t]he issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." *Id.* § 2.03(c). It is therefore clear that appellant is entitled to a defensive instruction *only* if he presented evidence in support of such a defense. However, as we concluded

in our discussion above, appellant failed to demonstrate he received no notice of the settings, and therefore, was not entitled to a defensive charge on the issue. Appellant's second point of error is overruled.

■ In his third point of error, appellant claims the trial court erred in permitting Dale Summa, an assistant district attorney, to testify as a witness at his trial. Specifically, he argues that Summa should not have been allowed to testify as a witness to facts learned while prosecuting his case.

Summa prosecuted appellant in the original theft charge from which the instant case arises. The record reflects appellant's counsel filed a motion in limine to prevent Summa from testifying as a witness in the instant case. Appellant's counsel argued that to permit such testimony would violate rule 3.08 of the Texas Disciplinary Rules of Professional Conduct.[2] The trial court denied appellant's motion in limine and Summa subsequently testified that appellant failed to appear on the two dates in question.

We note initially that appellant cites to two decisions which have been subsequently reversed in and overruled by *Brown v. State*, 921 S.W.2d 227 (Tex.Crim.App. 1996). *See Brown v. State*, 883 S.W.2d 389 (Tex.App.—Fort Worth 1994), *rev'd*, 921 S.W.2d 227 (Tex.Crim.App.1996); *Beasley v. State*, 728 S.W.2d 353 (Tex.Crim.App. 1987), *overruled by Brown v. State*, 921 S.W.2d 227 (Tex.Crim.App.1996). In *Brown*, the Court of Criminal Appeals held the testimony of an assistant district attorney during the guilt/innocence phase of trial did not disqualify the prosecutor from continuing to prosecute the case. *See Brown*, 921 S.W.2d at 229. In reversing the judgment of the court of appeals below, the court noted the lower court relied

---

2. Rule 3.08 provides in relevant part:
   "(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, . . . ." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1999) (TEX STATE BAR R. art. X, § 9).

solely on a disciplinary rule violation to reverse the conviction. *See id.* at 230. The court concluded "the applicable rule here is that violation of a disciplinary rule does not require a reversal *unless* a defendant can show the disciplinary rule violation affected his substantial rights or deprived him of a fair trial." *Id.* (emphasis added). Because the appellant in *Brown* did not claim his rights were violated by the prosecutor's noncompliance with a disciplinary rule, but rather relied solely on a disciplinary rule violation as the basis for his argument, the court held the appeals court erred in reversing the conviction.[3] In the instant case, we likewise find appellant fails to demonstrate the disciplinary rule violation affected his substantial rights or deprived him of a fair trial.[4] In accordance with *Brown,* we overrule appellant's third point of error.

 In his fourth point of error, appellant contends the trial court erred in denying his motion in limine and allowing his former attorney, Jimmy Phillips, Jr., to testify as to the notice he gave appellant regarding his court dates. During the trial, appellant's former attorney was permitted to testify that he sent appellant a letter notifying him of the November 1994 hearing. Appellant claims this testimony violated the attorney-client privilege.

 It is well settled that an attorney may testify concerning information he possesses about a client provided no communication is revealed. *See Austin v. State,* 934 S.W.2d 672, 673 (Tex.Crim.App.1996). Addressing a question of first impression, the Court of Criminal Appeals in *Austin* specifically held a communication from an attorney informing a client of a trial setting is not subject to the attorney-client privilege. *See id.* at 675. The court noted a majority of the federal circuits and at least six states have held such a communication is not privileged. *See id.* at 674. It

agreed with the rationale advanced by those courts, namely, that "the attorney is a 'mere conduit' for the trial judge passing on a routine message ... and such communication is not confidential because it does not involve the subject matter of the client's legal problems." *Id.* at 675. It is in this role that the attorney has a duty to apprise his client of the trial date. *See id.* The court concluded the communication of a trial date is a matter collateral to the attorney-client relationship, and does not invoke the attorney-client privilege. *See id.* We therefore find the trial court did not err in allowing appellant's former attorney to testify as to the notice he gave appellant of the hearing date. We overrule appellant's fourth point of error.

We affirm the judgment of the trial court.

---

**3.** In deciding to reverse the lower court's decision on that basis, the court did not address whether any disciplinary rule was, in fact, violated. *See Brown,* 921 S.W.2d at 229.

**4.** As in *Brown,* we also find it unnecessary to determine whether there was any disciplinary rule violation.