NO. 12-01-00235-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TOMMY ANDERSON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Appellant Tommy Anderson appeals his conviction for the felony offense of bail jumping
for which he was sentenced to two years in prison. In two issues, Appellant contends that the
evidence was legally and factually insufficient to support his conviction. We affirm.


Background

 In November of 2000, Appellant was arrested for the felony offense of driving while
intoxicated. Appellant was released from jail on a $5,000 surety bond on November 24, 2000, which
required him to appear "instanter" before "a District Court of Smith County, Texas." Appellant was
subsequently indicted by a grand jury, and his case was set for arraignment on March 1, 2001, in the
114th Judicial District Court of Smith County. It is undisputed that Appellant failed to appear at that
hearing. 

 On April 26, 2001, Appellant was indicted by a grand jury for the felony offense of bail
jumping. On June 20, 2001, Appellant pleaded not guilty to the offense of bail jumping, and a trial
was had before the court. 

 Robert D. Courson, Jr., ("Courson") testified that he was the bondsman on the surety bond
Appellant made on November 24, 2000. He explained that the information on the bond was taken
from the book-in sheet at the jail and that the information on the book-in sheet would have been
provided by Appellant. Courson said that Appellant kept in contact with him weekly. Courson did
not recall whether he had received notice of Appellant's March 1 arraignment date, and he testified
that he did not give Appellant notice to be in court on that date.

 Tammy Camp ("Camp"), court coordinator for the 114th Judicial District Court, testified that
she mailed a notice of the March 1 setting to Appellant at the address listed as his "mailing address"
on the surety bond. The notice was returned unopened. (1) She testified that notice of Appellant's
arraignment was posted at least ten days prior to March 1 on the bulletin board outside the district
courtroom. Camp testified that as a matter of course, she sent the same notices that were posted on
the bulletin board to the bondsmen and attorneys of record in the cases.

 Appellant testified that an employee of the bonding company had written his address on the
bond, and he did not receive notice from any source to be in court on March 1, 2001. Appellant said
that the address on the surety bond, which he signed, was his correct physical address. However,
Appellant had never received mail at that address but had maintained a post office box for a number
of years. Appellant testified that he expected to receive notice to appear in court through the mail
as he had in previous cases. Appellant said that he had at least four previous DWI convictions and
that he had been to court many times in the past. Appellant testified that he had never failed to
appear in the prior cases and did not intentionally fail to appear in this case. 

 Appellant testified that he had been reporting weekly to a pre-trial supervision officer and
his bondsman. Appellant turned himself in on March 5, 2001, when he was notified by his
bondsman that the district judge had deemed Appellant's original DWI bond to be insufficient and
set a new bond. Appellant turned himself in again when he learned from his pre-trial supervision
officer that there was a warrant for his arrest for failure to appear. When Appellant bonded out the
second time on the DWI, on a $15,000 surety bond, Appellant's physical address was initially written
on the bond. However, the physical address was lined out, and Appellant's post office box number
was written above it. When Appellant bonded out on a $45,000 surety bond on the bail jumping
case, the bond listed Appellant's post office box as his mailing address.

 The trial judge found Appellant guilty and sentenced him to two years in prison.


Legal Sufficiency of the Evidence

 In his first issue, Appellant contends that the evidence is legally insufficient to support the
conviction. When determining the legal sufficiency of the evidence, we must view the evidence in
the light most favorable to the verdict and decide whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim.
App. 2000). The trial judge, as the trier of fact, is the sole judge of the credibility of the witnesses.
See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). We do not reevaluate the weight
and credibility of the evidence, but act only to ensure that the factfinder reached a rational decision.
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

 A person lawfully released from custody, with or without bail, on condition that he
subsequently appear, commits an offense if he intentionally or knowingly fails to appear in
accordance with the terms of his release. Tex. Pen. Code Ann. § 38.10(a) (Vernon 1994). It is a
defense to prosecution if the person had a reasonable excuse for his failure to appear. Tex. Pen.
Code Ann. § 38.10(c). Appellant does not dispute that he failed to appear in accordance with the
terms of his release from custody but argues instead that he had a reasonable excuse for his failure
to appear because he did not have notice to appear.

 Proof that the accused was free under an instanter bond constitutes prima facie proof that he
had notice to appear at the proceeding in question. See Euziere v. State, 648 S.W.2d 700, 702 (Tex.
Crim. App. 1983); Richardson v. State, 699 S.W.2d 235, 238 (Tex. App.-Austin 1985, pet. ref'd). 
This prima facie proof will satisfy the State's burden of proof in a failure to appear case in the
absence of any contrary evidence. Richardson, 699 S.W.2d at 238. However, even if the bond is
an instanter bond, where there is proof that the defendant did not, in fact, have notice to appear, the
State, to sustain its burden of proof, must offer evidence that the defendant had actual notice or that
he engaged in a course of conduct designed to prevent his receiving notice. Id. 

 Appellant contends that the bond at issue in the instant case is not an instanter bond because
it fails to inform him in which of the several district courts of Smith County he was to appear. 
However, whether the bond is an instanter bond is immaterial to the resolution of this case. Because
Appellant offered evidence that he did not have notice to appear on March 1, the State had to prove
that Appellant had actual notice to appear or that he engaged in a course of conduct designed to
prevent his receiving notice. 

 Appellant argues that the notice posted on the bulletin board outside the district courtroom
did not constitute actual notice and that he did not engage in a course of conduct designed to prevent
his receiving notice. The State implicitly concedes the point that Appellant did not have actual
notice and argues instead that Appellant engaged in a course of conduct designed to prevent his
receiving notice by providing the wrong address on the bond. Viewed in the light most favorable
to the verdict, the evidence showed the following: Appellant had been through the court system
many times and expected to be notified of settings by mail; Appellant had never received mail at his
physical address but had maintained a post office box for a number of years; Appellant provided his
physical address when he was booked into the jail rather than providing his post office box number;
and Appellant signed the bond form directly above the address which is clearly labeled "mailing
address." The trial court could have rationally concluded beyond a reasonable doubt that Appellant
engaged in a course of conduct designed to prevent his receiving notice by engaging in the conduct
described above. Therefore, we hold that the evidence is legally sufficient to support the conviction. 
Appellant's first issue is overruled.


Factual Sufficiency

 In his second issue, Appellant contends that the evidence is factually insufficient to support
the conviction. When reviewing the factual sufficiency of the evidence, we must ask whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the trial court's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

 Our neutral review of the evidence, without the prism of the light most favorable to the
verdict, reveals that Appellant had been through the court system many times and expected to be
notified of settings by mail. Appellant had never received mail at his physical address but had
maintained a post office box for many years. Appellant provided his physical address when he was
booked into the jail rather than providing his post office box number. An employee of the bonding
company wrote the address on the bond, but Appellant signed the bond form directly above the
address which is clearly labeled "mailing address." Our review does not demonstrate that the proof
of guilt is so obviously weak as to undermine confidence in the conviction.

 Next, we must determine whether the proof of guilt is greatly outweighed by contrary proof. 
Our neutral review of the record reveals some evidence in support of Appellant's claim that he was
not trying to prevent the court or anyone else from notifying him. According to Appellant, he was
reporting weekly to a pre-trial supervision officer and to his bondsman, and he twice turned himself
in to the jail when told to do so. Again, an employee of the bonding company rather than Appellant
wrote Appellant's address on the bond. However, the fact that Appellant was reporting to a pre-trial
supervision officer or bondsman does not prove that Appellant was not engaging in a course of
conduct designed to prevent his receiving notice to appear in court. Furthermore, Appellant does
not dispute that he provided the information from which the bonding company employee transcribed
the address onto the bond, and as the stakes got higher and higher, on the second DWI bond and the
bail jumping bond, the information Appellant provided regarding his mailing address became more
and more accurate. We cannot say that the proof of Appellant's guilt is greatly outweighed by
contrary proof. Therefore, we hold that the evidence is factually sufficient to support the conviction. 
Appellant's second issue is overruled. 

 The judgment of the trial court is affirmed.


Opinion delivered April 25, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. The envelope, which is not part of the record on appeal, was apparently marked to indicate no mail
receptacle at that address.