NUMBER 13-01-630-CR





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI - EDINBURG








KENNETH E. GIBSON , Appellant,



v.





THE STATE OF TEXAS , Appellee.






On appeal from the 36th District Court

 of San Patricio County, Texas.








O P I N I O N

 

Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)



Opinion by Justice Dorsey





 Appellant Kenneth Gibson appeals his conviction of bail-jumping. By one issue, appellant argues that he did not
intentionally and knowingly fail to appear, necessary elements of the offense, because he did not receive notice of the trial
setting. We affirm.

FACTUAL BACKGROUND 

On April 30, 2000, appellant was arrested for a traffic offense and possession of a methamphetamine. He executed a bond
and was released the same day. On August 15, 2000, the Sheriff's department sent Gibson a letter stating that he would be
required to be at a criminal docket call on August 25,2000, at 8:30 am. On August 21, 2000, the letter was returned
unopened by the United States Postal Service marked "Returned to Sender. Attempted. Not Known. Portairs Station."
Appellant's bail bondsman received an identical letter notifying him of the hearing date. The bail bondsman was unable to
contact appellant by phone. However, he did contact appellant's friend, Mr. Shepard, and told him of the impending
hearing.

 Appellant did not appear at the August 25, 2000, hearing and was later indicted and found guilty of jumping bail on June
26, 2001.

 ANALYSIS

 In his sole issue, appellant argues there is no evidence that he did not knowingly or intentionally fail to appear because
there is no evidence he had notice of the hearing, nor that he engaged in conduct designed to prevent the receipt of actual
notice. 

 An instanter bond (2) is sufficient to prove beyond a reasonable doubt that the defendant intentionally and knowingly failed
to appear. Euziere v. State, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983). However, if there is evidence that the defendant
did not have notice of the proceedings, the State must do more than prove the terms of the bond. Richardson v. State, 699
S.W.2d 235, 238-39 (Tex. App.-Austin 1985). The State must offer evidence that the defendant did have actual notice or
that he engaged in a course of conduct designed to prevent him from receiving notice. Id. at 238.

 During trial it was shown that appellant had been released on an "instanter bond," establishing prima facie knowledge of
the trial setting. See Euziere, 648 S.W.2d at 702. Thus, the burden shifted to appellant to establish he did not receive
actual notice. Richardson, 699 S.W.2d at 238. 

 Appellant did not testify. The only witness produced for appellant was a friend of appellant. She testified appellant lived
at appellant's stated address during August and September 2000, that his phone was working, and she had called appellant
there. Appellant relies only on this witness to show that he did not receive actual notice. 

 In Richardson, the appellant testified that after he was released from jail, he continued to reside at the address shown on
the bond, maintained regular employment, made numerous court appearances, stated that he would have appeared had he
know of the setting, and received no notice to appear. Richardson, 699 S.W.2d at 237. The State, relying on Euziere,
produced no evidence that appellant had notice of the proceedings and, instead, argued that because the appellant had
notice through the instanter bond, the State had satisfied the burden of proving culpable mental state by proving the terms
of the bond. Id. at 237-38. The Austin Court of Appeals disagreed because in Euziere the appellant failed to testify that he
did not have notice of the setting. Absent evidence by the appellant that he did not know of the setting, the State was not
required to present evidence of actual notice. In Richardson, the appellant had provided undisputed evidence that he did
not have notice and there was no evidence appellant engaged in conduct designed to prevent him from receiving notice. Id.

 In the present case, the testimony of appellant's witness was not sufficient to show appellant did not have notice. She
established only that appellant maintained the same residence and had a working telephone, but did not show that appellant
did not receive notice. Absent such evidence, proof of the instanter bond alone is sufficient to prove to prove notice, which
coupled with appellant's non-appearance at the hearing, was sufficient to prove beyond a reasonable doubt that the
defendant intentionally and knowingly failed to appear. Euziere, 648 S.W.2d at 702 

 In addition, appellant's bail bondsman testified he received a handwritten letter from appellant in jail postmarked in April
2001, well after appellant had failed to appear at the critical hearing. The letter, admitted into evidence as State's exhibit
#9, states in relevant part: "I just wanted to write to you and let you know that I honestly did not want to jump bail on you.
That is why I took care of the other charges so the Bail would be dropped in case I had to jump bond. . . This is the first
time I have ever not showed up for a court date." 

 This is some evidence that appellant had actual notice of the hearing. See Richardson, 699 S.W.2d at 238-39. 

 Accordingly, we overrule appellant's sole issue and AFFIRM the judgment. 

 

____________________________ 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 21st day of August, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The bond reads in relevant part: "NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY
MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER. . . ." Instanter means "immediately;
instantly, forthwith, without delay. . . . The term was usually understood to mean within twenty-four hours." Soloman v.
State, 999 S.W.2d 35, 37 (Tex. App. Houston [14th Dist.] 1999, no pet.).