

**NUMBER 13-12-00083-CR**
**NUMBER 13-12-00088-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**BENJAMIN LEAL, III,**                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

In two issues, appellant, Benjamin Leal III, appeals his convictions on two counts of felony failure to appear and one count of felony escape. *See* TEX. PEN. CODE ANN. §§ 38.10(a), (f) (West 2011); 38.06(a), (c)(1) (West Supp. 2011). We affirm.

## I. BACKGROUND

Appellant was arrested on August 18, 2010 after assaulting R.R., a woman who identified him as her husband. Appellant was placed under arrest by Officer Michael Cuevas, who transported appellant to the San Benito city jail. When Officer Cuevas removed appellant from the back of his vehicle, appellant managed to slip from the officer's grasp and run for one of the jail gates that was not functioning properly that night. Appellant was arrested two days later on a felony arrest warrant. A jury found appellant guilty and assessed punishment at fifteen years' imprisonment for the escape charge and the same term for each count of failure to appear. The sentences were to run concurrently with the term of twenty years assessed in a companion case, 13-12-084-CR.[1] This appeal followed.

## II. ANALYSIS

### A. Escape

In his first issue, appellant challenges the sufficiency of the evidence supporting his conviction for felony escape. *See* TEX. PENAL CODE ANN. § 38.06(a), (c)(1).

#### 1. Standard of Review

In determining the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the sole province of the jury to evaluate the credibility of

---

[1] The sole charge in that case was for continuous violence against the family, a third degree felony. TEX. PENAL CODE ANN. § 25.11 (West 2011). All charges against appellant were tried to a jury in one proceeding, but appealed separately to this Court under No. 13-12-84-CR. A fuller explanation of the facts can be found in the background section of that opinion.

witnesses and the weight, if any, to be given to their testimony. *Garcia v. State*, 367 S.W.3d 683, 686–87 (Tex. Crim. App. 2010) (citing *Jackson*, 442 U.S. at 319); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)(plurality op.). Under Texas law, we measure sufficiency of the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The elements that the State must have proved in this case are that the defendant (1) escaped (2) from custody (3) after being arrested, charged, or convicted of an offense. TEX. PENAL CODE ANN. § 38.06(a); *see Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000). Escape is enhanced to a third-degree felony if the defendant was under arrest or charged with a felony at the time of the escape. TEX. PENAL CODE ANN. § 38.06(c)(1).

### 2. Discussion

In his first issue, appellant argues that the evidence was insufficient for the jury to find that he was under arrest for a felony at the time he escaped. Appellant does not contest that the State proved the other elements of the offense. Appellant argues that it is significant that he was not formally charged with a felony until after his escape and that Officer Cuevas, who had been dispatched by Officer de Leon to arrest appellant,

testified that he was under the impression that appellant was under arrest for simple assault.

Although appellant did escape from custody before he was indicted for a felony, the evidence showed appellant was under arrest for a felony. Officer Juan De Leon, the lead investigator on the case, testified that he decided to arrest appellant for the crime of "[a]ssault family violence, third degree." Assault is enhanced to a third-degree felony if the victim is a member of the defendant's family and committed by "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Id.* § 22.01(b)(2)(B) (West 2011). Officer de Leon testified that he made that decision "based on the appearance of the victim and information that she provided and the level of injury," including that appellant was her husband and had put his hands around her neck during the assault.[2] In sum, the State presented evidence that the lead officer on the case decided to arrest appellant for a specific offense. After viewing the evidence in the light most favorable to the prosecution, we conclude that a reasonable fact finder could find beyond a reasonable doubt that appellant was under arrest for a felony at the time he escaped from Officer Cuevas's custody. We accordingly overrule appellant's first issue.

**B. Failure to Appear**

**1. Applicable Law**

Appellant also challenges the sufficiency of the evidence supporting his convictions on two felony counts of failure to appear. TEX. PENAL CODE ANN. § 38.10(a),

---

[2] R.R. subsequently testified at trial that although she and appellant were not formally married, she considered appellant to be her husband, and they have a child together. The Texas Family Code defines the term "family" as including the two biological parents of a child, whether or not they are married. *See* TEX. FAMILY CODE ANN. § 71.003 (West 2008).

4

(f).  A hypothetically correct jury charge for this offense requires the State to prove that appellant (1) was released from custody with or without bail; (2) on condition that he subsequently appear; and (3) intentionally or knowingly; (4) subsequently failed to appear.  *Id.*; *see Walker v. State*, 291 S.W.3d 114, 118 (Tex. App.—Texarkana 2009, no pet.).  If the State makes a prima facie showing that defendant was freed from custody on an instanter bond—as appellant was in this case—it satisfies its burden to prove the culpable mental state unless there is evidence to the contrary.  *Solomon v. State*, 999 S.W.2d 35, 37 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (quoting *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983)).

### 2.  Discussion

Appellant argues that the State presented no evidence because the State improperly introduced certified copies of the instanter bond and docket sheets without a sponsoring witness.  Appellant further argues that the copy of the bond that the State introduced through its rebuttal witness, appellant's bail bondsman, does not constitute proof since the State had already rested before that time.  At trial, appellant objected that the documents were not introduced through a sponsoring witness. On appeal, appellant does not explain why it was improper for the trial court judge to admit certified copies of the bond and docket sheets that were already in the trial court's file.[3]  To the extent appellant contends that admitting those documents was error, we conclude that appellant has waived that argument by not raising that contention as an issue in this appeal.  In any event, when conducting a sufficiency review we consider all the

---

[3] Appellant discusses the business record exception to the hearsay rule at great length but does not explain how that rule is relevant because the bond was already part of the trial court's file in this case. *See* TEX. R. EVID. 803(6).

evidence in the record, whether or not it was properly admitted. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Because we found that a copy of the instanter bond and the docket sheets showing that appellant twice failed to appear in court were in the record, and appellant does not contest any of the other elements of the offense, we hold that the State introduced sufficient evidence for a rational jury to be able to find appellant guilty of the charged offenses beyond a reasonable doubt.[4] *See id.* We overrule appellant's second issue.

### III. CONCLUSION

Having overruled appellant's two issues, we affirm the judgment of conviction.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.

---

[4] The rest of appellant's issue on appeal discusses the inadmissibility of the bail bondsman's testimony. Because we held that certified copies of the bond and the docket sheets were properly in the record, we do not need to reach the issue of the bail bondsman's testimony. However, we note that it is evident from the record that the State introduced a copy of the bond through the bondsman in order to rebut R.R.'s testimony for the defense on the issue of whether she and appellant formed the same household. The bond listed appellant's address as Ortega's apartment, where R.R. was living at the time.