**Opinion filed March 31, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00066-CR
_____

**ANTHONY ATHERTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR29732**

## M E M O R A N D U M   O P I N I O N

The jury convicted Anthony Atherton of two counts of the offense of failure to appear. *See* TEX. PENAL CODE § 38.10(a), (f) (West 2016). The trial court assessed Appellant's punishment for each count at confinement for five years and a fine in the amount of $5,000. The trial court ordered that the sentences were to run concurrently. Appellant presents three points of error on appeal. We affirm.

In Appellant's first point of error, he challenges the sufficiency of the evidence. In Appellant's second point of error, he contends that his due process rights were violated. In Appellant's third point of error, he asserts that the State engaged in improper closing arguments when it asserted matters not in evidence.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

On June 21, 2004, the Honorable George D. Gilles, the presiding judge of the 142nd District Court of Midland County, Texas, called cause numbers CR-26,590 and CR-24,664, the State of Texas versus Anthony Atherton, for plea hearings. Defense counsel for Appellant, H.W. "Woody" Leverett, stated that "[Appellant] is not here and I have no reasonable expectation that he will be here." Leverett testified that he communicated with Appellant by phone or by mail. Leverett explained that he sent a letter dated June 14, 2004, to Appellant at the address that Appellant had given him: 360 West 34th Street, Apartment 12U, New York, New York, 10001, to notify him of the June 21, 2004 hearing date; the letter was returned unopened. Leverett testified that it is the duty of defense counsel to notify his client of court dates; however, it is incumbent on a defendant to remain in contact with his attorney.

Because Appellant was not present when his cases were called, the trial court had the bailiff, Charles Meador, call Appellant's name on the courthouse steps three times, but no one answered. Meador testified that he also checked the hallway and

stairwell.  As a result, Judge Gilles forfeited Appellant's bond.  Judge Gilles explained that a surety bond is a defendant's promise to appear in court and that it is the obligation of Appellant to stay in contact with his bondsman so that he will know of upcoming hearing dates.

Ronny Smith is the owner of A-1 Bail Bonds and was the bondsman for Appellant.  Smith explained that anyone whom he bonds out of jail is required to keep him informed with "solid" phone numbers and an address and to check in with him weekly until the end of the case.  Smith could not recall if he contacted Appellant about the June 21 setting, but he testified, "I call people and try to find them and get them to court."  Smith explained that, if people fail to show up for court, he loses money.  Smith stated that Appellant "definitely disappeared.  He stayed in touch for a while and then disappeared and I had to settle the case."  Smith said that he thought he settled the case for around $5,000.

The Texas Penal Code provides that "[a] person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release."  PENAL § 38.10(a).  Appellant contends on appeal that his mistaken belief negated the culpability required for the commission of the offense.  However, Appellant has failed to direct us to any evidence of mistake in the record.  Appellant further argues that it is "apparent that defendant/appellant intended to appear in court; had appeared in court; and had maintained contact with his bondsman, Ronnie Smith."  We disagree with this argument.

It is clear from the record that Appellant made no effort to keep in touch with his attorney or bail bondsman or to provide either of them with good contact information.  Further, there is no evidence as to whether Appellant made an effort to attend the hearing or why he was not present for the hearing.  The factfinder is the sole judge of the credibility of the witnesses and the weight to be given to their

testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Factfinders are permitted to draw reasonable inferences from direct or circumstantial evidence. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

The bonds in this case were instanter bonds. An instanter bond generally gives proper notice to a defendant. In the absence of evidence of a reasonable excuse, it is sufficient to prove that a defendant intentionally and knowingly failed to appear in accordance with the terms of his release. *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983); *Etchison v. State*, 880 S.W.2d 191, 192 (Tex. App.—Texarkana 1994, no pet.). In *Richardson*, the court construed *Euziere* to mean that, in a prosecution for failure to appear, proof that the defendant was free pursuant to an instanter bond constituted a prima facie showing that he had notice of the proceeding at which he failed to appear. *Richardson v. State*, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd). This prima facie showing satisfies the State's burden in the absence of any evidence to the contrary. *Id.*

Accordingly, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found all the elements of the offense of failure to appear beyond a reasonable doubt. Appellant's first point of error is overruled.

In Point of Error No. 2, Appellant argues that, because the evidence is insufficient, Appellant was denied due process of law. The Due Process Clause of the Fourteenth Amendment guarantees that no person may be convicted of a criminal offense and denied his liberty unless his criminal responsibility for the offense is proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970); *Alvarado v. State*, 912 S.W.2d 199, 206–07 (Tex. Crim. App. 1995); *see* U.S. CONST. amend. XIV. We held in Point of Error No. 1 that the evidence was sufficient to support Appellant's conviction. Therefore, Appellant was not denied due process of law. Appellant's second point of error is overruled.

In Appellant's third point of error, he asserts that the State made improper comments during closing arguments and that those comments likely contributed to Appellant's guilty verdict. Appellant complains of the prosecutor's statement regarding Appellant's "admission of guilt" and of the statement that "[y]ou can't intentionally, knowingly just run and then say, 'I never got service.'" Both statements were objected to at trial, and the trial court sustained the objections and instructed the jury to disregard the statements.

Proper jury argument generally falls within four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.—Eastland 2005, no pet.). Counsel is allowed wide latitude to draw inferences from the record, as long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). An improper comment made in closing argument is generally considered a nonconstitutional error. *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). A nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); *Martinez*, 17 S.W.3d at 692; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

The State argues that the statements were proper jury arguments but that, even if they were improper, the trial court's instructions to disregard were sufficient to cure any error. We agree with the State that any error that may have occurred was cured. "Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). We presume that a jury will follow the judge's instructions. *Id.* Even if the trial court erred, there is nothing to suggest that the jury did not follow

the instructions of the trial court, and there is no reversible error. *See Martinez*, 17 S.W.3d at 692.

Further, to preserve jury argument error, a defendant must pursue his objections to an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, the trial court sustained Appellant's objections and instructed the jury to disregard the statements; Appellant asked for no other relief and has not preserved error, if any. Appellant's third point of error is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


March 31, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.