# NO. 12-21-00162-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRADLEY STEPHEN BOWEN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bradley Stephen Bowen appeals from his conviction for bail jumping and failure to appear. In a single issue, he contends the evidence is legally insufficient to support his conviction. We affirm.

### BACKGROUND

Appellant was arrested and charged by indictment with assault family violence impeding breath or circulation. He appeared for his arraignment on August 20, 2020, with his attorney via Zoom. At that time, he was given oral notice of future hearing dates of October 16 and November 20. Another hearing for September 3 was set for the trial court to consider setting bond. Appellant made bond on October 26. Appellant failed to appear for the November 20 hearing and was subsequently indicted for bail jumping and failure to appear. The State filed a notice of enhancement paragraphs to be submitted to the jury on punishment. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged, found the enhancement paragraphs to be "true," and sentenced Appellant to forty years of imprisonment. This appeal followed.

In his sole issue, Appellant contends the evidence is legally insufficient to support his conviction.

**Standard of Review and Applicable Law**

The ***Jackson v. Virginia*** legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see **Jackson v. Virginia***, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We examine the evidence in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. ***Brooks***, 323 S.W.3d at 899; *see also **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Penagraph v. State***, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. ***Brooks***, 323 S.W.3d at 899 n.13; ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" ***Clayton***, 235 S.W.3d at 778 (quoting ***Hooper***, 214 S.W.3d at 16-17).

In order to convict a defendant of the offense of bail jumping and failure to appear, the state is required to prove beyond a reasonable doubt that the defendant (1) was lawfully released from custody, with or without bail; (2) on the condition that he subsequently appear; and (3) that he intentionally or knowingly failed to appear in accordance with the terms of his release. ***Ferguson v. State***, 506 S.W.3d 113, 115 (Tex. App.—Texarkana 2016, no pet.); *see* TEX. PENAL CODE ANN. § 38.10(a) (West 2016). The culpable mental state cannot be shown "absent proof

the defendant had notice of the proceeding at which he failed to appear." ***Richardson v. State***, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) (per curiam) (op. on reh'g). Proof that a defendant is free under an instanter bond is *prima facie* proof of notice to appear. ***Johnson v. State***, 416 S.W.3d 602, 606 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see **Euziere v. State***, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983). In order to be adequate proof, the bond must state whether the defendant is charged with a misdemeanor or felony and must set forth the time, place, and court where the defendant is required to appear. ***Ferguson***, 506 S.W.3d at 116; TEX. CODE CRIM. PROC. ANN. art. 17.08 (West 2015).

**Analysis**

On appeal, Appellant attacks the sufficiency of the instanter bond. At trial, the State offered a copy of Appellant's appearance bond into evidence, which provides, in pertinent part:

> The condition of the above obligation is such that the above named principal stands charged with . . . Assault fam/house mem. impede breath/cir . . .in the District court of Anderson County, Texas.
>
> Now is the said principal shall well and truly make his personal appearance before the said court, upon instanter of the Court and further, shall well and truly make his personal appearance before any court or magistrate, upon notice of said court or magistrate, to which said charge may be transferred or before whom this cause may hereafter be pending at anytime when, and any place where his presence may be required under the Code of Criminal Procedure of the State of Texas or by any court or magistrate. Upon notice of said court or magistrate, and for all subsequent proceedings had relative to said charge and there remains from day to day and term to term, until discharged by due course of law. Then and there answer the said accusation against him. Then this obligation shall become null and void, otherwise to remain in full force and effect.

The check box to mark whether Appellant was charged with a misdemeanor or felony was left unchecked. And the bond did not identify the specific Anderson County district court. The face of the bond demonstrates that, although it contained a cause number, the bond failed to advise Appellant of (1) the name of the court in which he was to appear to answer the charge listed in the underlying offense, (2) the date on which he was to appear in court, (3) the time at which he was to appear in court, and (4) whether the underlying offense was a felony or misdemeanor. Accordingly, we agree with Appellant that the bond wholly fails as prime facie evidence that Appellant received actual notice of the date of his trial. *See **Fish v. State***, 734 S.W.2d 741, 743–44 (Tex. App.—Dallas 1987, pet. ref'd); ***Richardson***, 699 S.W.2d at 238.

The failure of the instanter bond does not necessarily defeat the State's case. When "the instanter bond does not show prima facie evidence that the defendant had actual notice," "the

state must do more than prove the terms of the bond in order to meet its burden of proving an intentional or knowing failure to appear." ***Bell v. State***, 63 S.W.3d 529, 531-32 (Tex. App.—Texarkana 2001, pet. ref'd) (citing ***Fish***, 734 S.W.2d at 743–44; ***Richardson***, 699 S.W.2d at 238). "In such cases, the state must offer evidence that the defendant did have actual notice, or that he engaged in a course of conduct designed to [avoid] receiving notice." ***Id***. at 532. Thus, the State must prove Appellant knew he was supposed to appear for the hearing on November 20.

The record demonstrates that Appellant was aware the underlying offense was pending in the 349th Judicial District Court of Anderson County, Texas. The State offered a copy of the court's docket sheet, which indicates Appellant and his attorney appeared via Zoom for his arraignment on August 21, 2020 and Appellant was notified at that time to appear for pretrial on October 16 and a status hearing on November 20. James Sharp, bailiff for the 349th District Court, testified that he called Appellant's name three times for the status hearing on November 20, Appellant did not appear, and Sharp filled out a certificate of failure to appear.[1] Sharp also confirmed the information listed on the court's docket sheet. In addition, the trial court mailed a notice of the November 20 status hearing to both the jail and the address listed on the bond. The notice of setting was delivered to Appellant in jail on September 3 according to the jail mail log. The notice, order setting hearing, certificate of failure to appear, and jail mail log were all admitted into evidence. However, Appellant failed to appear for the November 20 status hearing. He was found in Mississippi in February 2021 and extradited back to Texas.

It is a defense to prosecution that a defendant has a reasonable excuse for his failure to appear in accordance with the terms of his release. TEX. PENAL CODE ANN. § 38.10(c). Appellant offered no excuse for his failure to appear. There is evidence that Appellant received actual notice of his status hearing, both at his arraignment and via mail at both the jail and the address listed on the bond. And there is no evidence that Appellant received directions by the trial court, his attorney, or his bondsman contrary to the terms of the bond agreement. Nor was there evidence Appellant was "discharged by due course of law." Therefore, based on this record, a rational jury could have believed Appellant intentionally and knowingly failed to

---

[1] We note that the notice of setting told Appellant to appear at 9:00 am on November 20 and that the bailiff's certificate states that Appellant was called at 11:00 am. However, Appellant does not argue that he appeared at 9:00 am and subsequently left before being called. Nor is there evidence in the record that Appellant appeared at any point for the November 20 hearing.

appear in accordance with the terms of his release.  *See **Tucker v. State***, No. 10-17-00154-CR, 2018 WL 6543944, at *3 (Tex. App.—Waco Dec. 12, 2018, pet. ref'd) (mem. op., not designated for publication) (finding that bond was sufficient to establish mental state and that no evidence showed contrary); ***Ferguson***, 506 S.W.3d at 119-21 (finding evidence insufficient to prove bail jumping when bond was not prima facie proof and no one sent appellant notice of court date or had other actual knowledge of need to appear).  Accordingly, we overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered July 20, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2022**

**NO. 12-21-00162-CR**

**BRADLEY STEPHEN BOWEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-21-34870)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*