

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00375-CR

**DONALD H. WILLIS,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. M0769-06**

## MEMORANDUM  OPINION

A jury convicted Donald H. Willis of bail jumping and failure to appear, and the court assessed his punishment at three days in jail and a $1,000 fine.  Willis contends in two issues that the evidence is legally and factually insufficient to sustain his conviction because the State failed to prove that he had actual notice of the hearing at which he failed to appear.  We will affirm.

Willis's conviction arises from his failure to appear for an arraignment hearing in a misdemeanor criminal mischief case.  He posted a cash bond which required his

appearance "instanter." The court coordinator sent him a letter dated May 10, 2006 notifying him of an arraignment hearing on June 21. Willis failed to appear on that date, and when he appeared for a hearing in a different case on August 30, he was arrested because of his failure to appear on June 21.

Bail jumping and failure to appear[1] is committed when a person lawfully released from custody on condition that he subsequently appear intentionally or knowingly fails to appear in accordance with the terms of his release. TEX. PEN.CODE ANN. § 38.10(a) (Vernon 2003). Generally, an instanter bond gives adequate notice and is sufficient to prove a defendant intentionally and knowingly failed to appear in accordance with the terms of his release. *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983); *Bell v. State*, 63 S.W.3d 529, 531 (Tex. App.—Texarkana 2001, pet. ref'd). However, lack of actual notice is a "reasonable excuse" for a defendant's failure to appear and thus a defense to bail jumping. *See* TEX. PEN. CODE ANN. § 38.10(c) (Vernon 2003); *Richardson v. State*, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) (per curiam).

Because lack of notice is a defense, once a defendant produces evidence that he did not have actual notice, the State bears the burden of persuasion to disprove lack of notice beyond a reasonable doubt or to prove beyond a reasonable doubt that the defendant engaged in a course of conduct designed to prevent him from receiving notice. *See Bell*, 63 S.W.3d at 531-32; *Richardson*, 699 S.W.2d at 238; *cf. Saxton v. State*, 804

---

[1] The caption for section 38.10 of the Penal Code labels this offense as "Bail Jumping and Failure to Appear." TEX. PEN. CODE ANN. § 38.10 (Vernon 2003). Hereinafter, we refer to the offense as "bail jumping."

S.W.2d 910, 914 (Tex. Crim. App. 1991) (addressing prosecution's burden of proof in case involving self-defense claim); *McClesky v. State*, 224 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (same). However, the State has no burden to produce evidence directly refuting the defense. *Saxton*, 804 S.W.2d at 914; *accord McClesky*, 224 S.W.3d at 409.

In reviewing a claim of legal insufficiency with regard to the rejection of a defense, we do not look to whether the State has presented evidence refuting the defense. *Saxton*, 804 S.W.2d at 914; *accord Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (approving sufficiency analysis set forth in *Saxton*); *McClesky*, 224 S.W.3d at 409. Rather, we view all the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt and also could have found against the defendant beyond a reasonable doubt on the defense. *Saxton*, 804 S.W.2d at 914; *Dotson v. State*, 146 S.W.3d 285, 291 (Tex. App.—Fort Worth 2004, pet. ref'd).

In reviewing a claim of factual insufficiency with regard to the rejection of a defense, we review all of the evidence in a neutral light and ask whether the State's evidence taken alone is too weak to support the finding and whether the proof of guilt, although adequate if taken alone, is against the great weight and preponderance of the evidence. *Zuliani*, 97 S.W.3d at 595; *Dotson*, 146 S.W.3d at 291-92.

Here, Willis's bond was an instanter bond, but he testified that he never received the court coordinator's notice of the June 21 arraignment hearing. Thus, he contends that the evidence is legally and factually insufficient to support the jury's rejection of his

defense. He argues that his case is similar to *Richardson*, in which the defendant likewise testified that he did not receive notice of the hearing for which he failed to appear. *See Richardson*, 699 S.W.2d at 237. There, the court held that, because the court coordinator had mailed notice to Richardson's bondsman instead of to Richardson, because the bondsman testified that he never received such notice, and because Richardson himself testified that the never received notice, the evidence was legally insufficient to establish that Richardson intentionally or knowingly failed to appear for the hearing. *Id.* at 237-38.

However, Willis's case is different. Here, the court coordinator testified that a letter was mailed *to Willis* giving him notice of the hearing. A copy of the letter was admitted. To her knowledge, the letter was never returned by the postal service.

Willis concedes that the letter bears the correct address. He testified that his girlfriend and he are the only ones who check his mail. He stated that he never received the court coordinator's letter, though he has received other mail from her about his case, and that he has had some problems with not receiving "routine mail" such as his water bill on several occasions. Willis's girlfriend likewise testified that the notice letter was not in the mail on any of the occasions when she retrieved the mail from his mailbox.

The facts of Willis's case are similar to those presented in *Burns v. State*, 958 S.W.2d 483 (Tex. App.—Houston [14th Dist.] 1997, no pet.). There, a bondsman mailed notice to the defendant, which was never returned. *Id.* at 488. The court held that this was legally sufficient evidence to prove that the defendant intentionally and knowingly failed to appear. *Id.* Willis's case is different than *Burns* to the extent that Willis (unlike

Burns) offered evidence that he did not receive notice. However, the jury was free to accept or reject this evidence. *See Hill v. State*, 760 S.W.2d 369, 370 (Tex. App.—Austin 1988, no pet.) ("trial judge was free to accept or reject Hill's testimony" explaining why he failed to appear); *see also Wilkerson v. State*, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994) ("the jury, as the sole judge of the weight and credibility of the evidence, was free to accept or reject any or all of the evidence of either the State or the defense, even if that evidence was uncontradicted"); *Lee v. State*, 259 S.W.3d 785, 791 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (jury "is free to accept or reject" defensive issue).

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of bail jumping beyond a reasonable doubt and also could have found against Willis beyond a reasonable doubt on the defense of lack of notice. Accordingly, the evidence is legally sufficient, and Willis's first issue is overruled.

Regarding the factual sufficiency of the evidence, the primary difference from our legal sufficiency analysis is the light in which we view the evidence. However, the mere existence of conflicting testimony, as here, does not render the evidence factually insufficient. *See Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); *Lee*, 259 S.W.3d at 792. And again, the jury is free to accept or reject any or all of either the State's or the defendant's evidence because resolution of conflicts lies within the exclusive province of the jury. *Lee*, 259 S.W.3d at 792; *see Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); *Lockwood v. State*, 237 S.W.3d 428, 433 (Tex. App.—Waco 2007, no pet.).

Viewing the evidence in a neutral light, it was within the jury's province to accept the State's evidence that notice was sent to Willis and to reject Willis's evidence that he did not receive notice. Accordingly, the evidence is factually sufficient, and we overrule Willis's second issue.

We affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
Affirmed
Opinion delivered and filed December 23, 2008
Do not publish
[CR25]