IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00375-CR

 

Donald H. Willis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Hill County, Texas

Trial Court No. M0769-06

 



MEMORANDUM  Opinion



 








            A jury convicted Donald H.
Willis of bail jumping and failure to appear, and the court assessed his
punishment at three days in jail and a $1,000 fine.  Willis contends in two
issues that the evidence is legally and factually insufficient to sustain his
conviction because the State failed to prove that he had actual notice of the hearing
at which he failed to appear.  We will affirm.

            Willis’s conviction arises
from his failure to appear for an arraignment hearing in a misdemeanor criminal
mischief case.  He posted a cash bond which required his appearance
“instanter.”  The court coordinator sent him a letter dated May 10, 2006
notifying him of an arraignment hearing on June 21.  Willis failed to appear on
that date, and when he appeared for a hearing in a different case on August 30,
he was arrested because of his failure to appear on June 21.

            Bail jumping and failure to
appear[1]
is committed when a person lawfully released from custody on condition that he
subsequently appear intentionally or knowingly fails to appear in accordance
with the terms of his release.  Tex.
Pen.Code Ann. § 38.10(a) (Vernon 2003).  Generally, an instanter bond
gives adequate notice and is sufficient to prove a defendant intentionally and
knowingly failed to appear in accordance with the terms of his release.  Euziere
v. State, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983); Bell v.
State, 63 S.W.3d 529, 531 (Tex. App.—Texarkana 2001, pet. ref’d).  However,
lack of actual notice is a “reasonable excuse” for a defendant’s failure to
appear and thus a defense to bail jumping.  See Tex. Pen. Code Ann. § 38.10(c) (Vernon 2003); Richardson
v. State, 699 S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref’d) (per
curiam).

            Because lack of notice is a
defense, once a defendant produces evidence that he did not have actual notice,
the State bears the burden of persuasion to disprove lack of notice beyond a
reasonable doubt or to prove beyond a reasonable doubt that the defendant engaged
in a course of conduct designed to prevent him from receiving notice.  See
Bell, 63 S.W.3d at 531-32; Richardson, 699 S.W.2d at 238; cf.
Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (addressing
prosecution’s burden of proof in case involving self-defense claim); McClesky
v. State, 224 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d) (same).  However, the State has no burden to produce evidence directly
refuting the defense.  Saxton, 804 S.W.2d at 914; accord McClesky,
224 S.W.3d at 409.

             In reviewing a claim of
legal insufficiency with regard to the rejection of a defense, we do not look
to whether the State has presented evidence refuting the defense.  Saxton,
804 S.W.2d at 914; accord Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (approving sufficiency analysis set forth in Saxton); McClesky,
224 S.W.3d at 409.  Rather, we view all the evidence in a light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements beyond a reasonable doubt and also could have
found against the defendant beyond a reasonable doubt on the defense.  Saxton,
804 S.W.2d at 914; Dotson v. State, 146 S.W.3d 285, 291 (Tex. App.—Fort
Worth 2004, pet. ref’d).

            In reviewing a claim of factual
insufficiency with regard to the rejection of a defense, we review all of the
evidence in a neutral light and ask whether the State’s evidence taken alone is
too weak to support the finding and whether the proof of guilt, although
adequate if taken alone, is against the great weight and preponderance of the
evidence.  Zuliani, 97 S.W.3d at 595; Dotson, 146 S.W.3d at
291-92.

            Here, Willis’s bond was an
instanter bond, but he testified that he never received the court coordinator’s
notice of the June 21 arraignment hearing.  Thus, he contends that the evidence
is legally and factually insufficient to support the jury’s rejection of his
defense.  He argues that his case is similar to Richardson, in which the
defendant likewise testified that he did not receive notice of the hearing for
which he failed to appear.  See Richardson, 699 S.W.2d at 237.  There,
the court held that, because the court coordinator had mailed notice to Richardson’s bondsman instead of to Richardson, because the bondsman testified that he
never received such notice, and because Richardson himself testified that the
never received notice, the evidence was legally insufficient to establish that Richardson intentionally or knowingly failed to appear for the hearing.  Id. at
237-38.

            However, Willis’s case is
different.  Here, the court coordinator testified that a letter was mailed to
Willis giving him notice of the hearing.  A copy of the letter was
admitted.  To her knowledge, the letter was never returned by the postal
service.

            Willis concedes that the
letter bears the correct address.  He testified that his girlfriend and he are
the only ones who check his mail.  He stated that he never received the court
coordinator’s letter, though he has received other mail from her about his
case, and that he has had some problems with not receiving “routine mail” such
as his water bill on several occasions.  Willis’s girlfriend likewise testified
that the notice letter was not in the mail on any of the occasions when she
retrieved the mail from his mailbox.

            The facts of Willis’s case
are similar to those presented in Burns v. State, 958 S.W.2d 483 (Tex.
App.—Houston [14th Dist.] 1997, no pet.).  There, a bondsman mailed notice to
the defendant, which was never returned.  Id. at 488.  The court held
that this was legally sufficient evidence to prove that the defendant
intentionally and knowingly failed to appear.  Id.  Willis’s case is
different than Burns to the extent that Willis (unlike Burns) offered
evidence that he did not receive notice.  However, the jury was free to accept
or reject this evidence.  See Hill v. State, 760 S.W.2d 369, 370 (Tex. App.—Austin 1988, no pet.) (“trial judge was free to accept or reject Hill’s testimony”
explaining why he failed to appear); see also Wilkerson v. State, 881
S.W.2d 321, 324 (Tex. Crim. App. 1994) (“the jury, as the sole judge of the
weight and credibility of the evidence, was free to accept or reject any or all
of the evidence of either the State or the defense, even if that evidence was
uncontradicted”); Lee v. State, 259 S.W.3d 785, 791 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (jury “is free to accept or reject” defensive issue).

            Viewing the evidence in the
light most favorable to the verdict, a rational trier of fact could have found
the essential elements of bail jumping beyond a reasonable doubt and also could
have found against Willis beyond a reasonable doubt on the defense of lack of
notice.  Accordingly, the evidence is legally sufficient, and Willis’s first
issue is overruled.

            Regarding the factual
sufficiency of the evidence, the primary difference from our legal sufficiency
analysis is the light in which we view the evidence.  However, the mere
existence of conflicting testimony, as here, does not render the evidence
factually insufficient.  See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Lee, 259 S.W.3d at 792.  And again, the jury is free to
accept or reject any or all of either the State’s or the defendant’s evidence
because resolution of conflicts lies within the exclusive province of the jury. 
Lee, 259 S.W.3d at 792; see Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002); Lockwood v. State, 237 S.W.3d 428, 433 (Tex.
App.—Waco 2007, no pet.).

            Viewing the evidence in a
neutral light, it was within the jury’s province to accept the State’s evidence
that notice was sent to Willis and to reject Willis’s evidence that he did not
receive notice.  Accordingly, the evidence is factually sufficient, and we
overrule Willis’s second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion
delivered and filed December 23, 2008

Do not publish

[CR25]









[1]
              The caption for
section 38.10 of the Penal Code labels this offense as “Bail Jumping and
Failure to Appear.”  Tex. Pen. Code Ann.
§ 38.10 (Vernon 2003).  Hereinafter, we refer to the offense as “bail jumping.”