

# NUMBER 13-12-00038-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ALBERT LEE CHACON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 221st District Court
## of Montgomery County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rose Vela

A jury convicted appellant, Albert Lee Chacon, of the offense of bail jumping and

failure to appear, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (West

2011). After finding he had two prior felony convictions, the jury assessed punishment at

forty-nine years' imprisonment. By a single issue, appellant challenges the sufficiency of

the evidence to support the jury's finding that he was released from custody on a pending

felony charge.   We affirm.[1]

## I.  FACTUAL BACKGROUND

### A.  State's Evidence

Kelly Lester, supervisor of the felony-intake division at the Montgomery County District Attorney's Office, identified State's exhibit eight[2] as appellant's bond.   The bond, dated June 7, 2010, showed appellant was arrested for misdemeanor driving while intoxicated.   Lester explained that when "intake" realized appellant already had two prior convictions, he was indicted for felony driving while intoxicated, and his misdemeanor bond became a felony bond.   Lester identified State's exhibit one[3] as an indictment. The indictment, dated June 17, 2010, charges appellant with the offense of driving while intoxicated, enhanced by two prior convictions for driving while intoxicated.   The indictment was filed in the 435th District Court of Montgomery County, Texas.

Chandra Bolt, a probation officer for the Montgomery County Department of Community Supervision and Corrections, worked in the 435th District Court for a "little over a year" and testified the 435th District Court is a felony court, which had never handled misdemeanors.   She identified State's exhibit six "as standard conditions of bond that the Court imposed on the Defendant [appellant]."   The prosecutor showed Bolt State's exhibit 57-A[4] and asked her, "Does this show that he [appellant] is on an ancillary

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The trial court admitted State's exhibit eight in evidence without objection.

[3] The trial court admitted State's exhibit one in evidence without objection.

[4] The trial court had previously admitted State's exhibit 57-A into evidence.

2

bond?", she said, "Yes." When the prosecutor asked her, "He [appellant] is on a felony bond out of the 435th, correct?", she said, "As far as we know, yes." Next, the prosecutor asked her, "And that's what the paperwork shows?", she said, "That's correct." She testified appellant never received permission to leave Montgomery County, Texas.

As a bailiff for the 435th District Court, Tierni Cantrell had the duty to obtain a list of people who did not show up for court on a particular day, go into the hallway, and call each name three times, giving each person an opportunity to respond. On August 20, 2010, she called appellant's name three times. When appellant did not respond, she signed a "Bailiff Certificate For Bond Forfeiture."[5] When the prosecutor asked Cantrell, "[D]oes the 435th District Court handle felony or misdemeanor cases?", she said, "Felony."

Adam Dietrich, a licensed Texas attorney, testified he knew appellant because on May 10, 2010, he was appointed to represent him. At some point, Dietrich learned of an indictment in the case now before this Court. Dietrich testified that on August 20, 2010, he was present in the 435th District Court When the prosecutor asked him, "And on that date, did the Defendant [appellant] appear in court?", he said, "No, ma'am."

David Godwin, a police officer for the Woodworth (Louisiana) Police Department, testified that after stopping appellant for a traffic violation on October 29, 2010, he discovered appellant had "a warrant out of Montgomery County, Texas." When the prosecutor asked Officer Godwin, "Did the Defendant [appellant] know he had a warrant out?", he said, "Yes."

---

[5] The trial court admitted this document in evidence as State's exhibit four.

3

Deputy Tracey Wade testified that on November 8, 2010, he was assigned to the warrant division of the Montgomery County Sheriff's Office. On that date, he went to Louisiana to pick up appellant. When the prosecutor asked Deputy Wade, "[W]hen you went to extradite him [appellant] back to Montgomery County, Texas, were you extraditing him on a felony warrant or a misdemeanor warrant?", he said, "It was on a felony warrant."

## B. Defense Evidence

Lettie Moreno, appellant's sister, testified she last saw appellant in July 2010. He stayed at her house in Mercedes, Texas for one month. She testified that when appellant "found work, he left to Louisiana to go look for it. And when he came back, he was supposed to be with my mother for the Thanksgiving holiday. Right before he arrived, he was arrested . . . ." When defense counsel asked her, "When did your brother [appellant] leave your house?", she said, "He was with me in July. So he left August, mid week of August 2010." When defense counsel asked her, "In the middle of the month you mean?", she said, "Uh-huh."

Appellant's former girlfriend, Nilda Pugh, testified appellant was arrested for misdemeanor driving while intoxicated and that she was a "cosigner on . . . [his] bond, . . . ." When the prosecutor asked her, "You became so upset [with appellant] that you withdrew your surety?", she said, "Right . . . ."

## II. DISCUSSION

In his sole issue, appellant challenges the sufficiency of the evidence "to support the jury's finding that . . . [he] was released from custody on a pending felony charge[.]"

4

We point out that the jury did not make a finding that appellant was released from custody on a pending felony charge. The "VERDICT OF THE JURY" attached to the guilt-innocence charge stated: "We, the Jury, find the defendant, ALBERT LEE CHACON, Guilty of the offense of Bail Jumping and Failure to Appear, as alleged by indictment."

## A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). In *Malik v. State*, the court of criminal appeals articulated the "standard for ascertaining what the 'essential elements of the crime' are; they are 'the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Johnson,* 365 S.W.3d at 294 (quoting *Malik*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The hypothetically correct jury charge is one that at least 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). The court of criminal appeals has "described the law 'as authorized by the indictment' to be 'the statutory elements of the offense . . . as modified by the charging instrument[.]'" *Id.* (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

5

**B.  Applicable Law**

The Texas Penal Code defines the offense of bail jumping and failure to appear as follows:   "A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits on offense if he intentionally or knowingly fails to appear in accordance with the terms of his release."   TEX. PENAL CODE ANN. § 38.10(a). The penal code further provides, in relevant part, that "an offense under this section is a Class A misdemeanor" unless "the offense for which the actor's appearance was required is classified as a felony" in which case the offense is elevated to a third-degree felony. *Id.* § 38.10(d), (f).   Section 38.10 does not require that the person be physically released from custody for a felony, only that "the offense for which the actor's appearance was required is classified as a felony."   *See id.* § 38.10(f).

**C.  Analysis**

**1.  Whether Appellant Was Lawfully Released From Custody On Condition He Subsequently Appear**

The evidence showed that appellant, after having been arrested for misdemeanor driving while intoxicated, was later released from custody on a misdemeanor bond. During Lester's cross-examination, defense counsel, referring to appellant's bond, asked Lester, "This is the bond that was executed the day that Mr. Chacon [appellant] was lawfully released from custody; is that correct?"   To this, Lester replied, "That is correct."

Appellant's bond included an "ORDER SETTING FIRST COURT APPEARANCE," which required him to appear "Instanter."   In addition, the evidence showed that after appellant made bond, he was indicted, and the indictment was filed in the 435th District Court.   Sheri Mericle, a legal assistant for the Montgomery County District Attorney's

6

Office, identified State's exhibit two[6] as "the scheduling order that the Defendant receives when they come to court . . . on their arraignment date." She testified appellant appeared in the 435th District Court on July 16, 2010, and that his next date to appear in the 435th District Court was August 20, 2010 at nine o'clock.

Appellant's scheduling order stated, in relevant part: "08/20/2010 09:00 AM PRE-TRIAL MOTION DATE/PLEA ACCEPTANCE DATE Defendant and Counsel MUST appear on this date and time." The signatures of appellant and his defense counsel appear at the bottom of the scheduling order. When the prosecutor asked Mericle, "What are those signatures down at the bottom [of the scheduling order]?", she said, "The signature and date at the bottom is the signature of the Defendant and the defense counsel saying that he has received a copy of this with all of [the] dates of when he has to come to court." When the prosecutor asked her, "So . . . the next date he [appellant] is supposed to appear is what?", she said, "8-20-2010."

"A bail bond requiring an accused to appear *instanter* gives proper notice to the defendant when he is to appear." *Burns v. State*, 958 S.W.2d 483, 488 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (emphasis in original). "Unless appellant sufficiently establishes a reasonable excuse for his failure, the bond itself is sufficient to prove that appellant intentionally and knowingly failed to appear in accordance with the terms of the release." *Id.* (citing *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983)).

In the instant case, appellant's bond required him to appear instanter, and he failed to sufficiently establish a reasonable excuse for his failure to appear in the 435th District

---

[6] The trial court admitted State's exhibit two in evidence.

Court on August 20, 2010. According to his scheduling order, he was required to appear in the 435th District Court on August 20, 2010. However, he failed to do so. Thus, the bond itself is sufficient to prove appellant intentionally and knowingly failed to appear in accordance with the terms of his release. *See id.*

### 2. Whether The Offense Of Bail Jumping And Failure To Appear Was Elevated To A Third-Degree Felony

The evidence showed that appellant was originally charged with the offense of driving while intoxicated, second offense, which is a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2011). However, on June 17, 2010, an indictment was filed in the 435th District Court of Montgomery County, Texas. This indictment charged appellant with the primary offense of driving while intoxicated, enhanced by two prior convictions for driving while intoxicated. Section 49.09 of the Texas Penal Code provides, in relevant part, that "(b) An offense under Section 49.04 [driving while intoxicated], . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . . (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated, . . . ." *Id.* § 49.09(b)(2). After appellant was indicted, he was required to appear in the 435th District Court on August 20, 2010. However, he failed to appear, and a felony warrant was issued for his arrest. Thus, the offense of bail jumping and failure to appear was elevated from a Class A misdemeanor to a third-degree felony because the offense for which appellant's appearance was required is classified as a felony, i.e., felony driving while intoxicated. *See id.* § 38.10(f).

8

After viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of bail jumping and failure to appear and that the offense for which his appearance was required is classified as a felony. We overrule the sole issue for review.

### III. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of November, 2012.

9