**Opinion issued October 31, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00078-CR

————————————

**CHRISTIE BEATRICE CARMICHAEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-10-10950-CR**

---

### O P I N I O N

A jury found Christie Carmichael guilty of felony bail jumping and failure to appear. Carmichael pleaded true to two enhancement paragraphs, based on two prior convictions—a December 18, 2001 conviction for conspiracy to pass counterfeited obligations of the United States and a June 28, 2002 conviction for

forgery. The jury assessed punishment at thirteen years' imprisonment. On appeal, Carmichael contends that the evidence is insufficient to support the jury's finding that the underlying offense, for which she failed to appear, was a felony. We hold that sufficient evidence supports the jury's finding and therefore affirm.

## Background

During an investigation in August 2011, Deputy E. Rivera of the Montgomery County Precinct 3 Constable's Office received a tip of drug activity at a residence. While interviewing the residents, Deputy Rivera learned that a white pickup truck, possibly containing drugs, would soon arrive. The driver of the truck arrived, but did not stop at the residence. When the driver did not stop, the deputy began to follow it. The driver turned without signaling, and so Deputy Rivera directed the driver to pull onto the shoulder. As Deputy Rivera spoke with the driver, he noticed that her speech was slurred and her breath smelled of alcohol. He conducted field sobriety tests, which she failed.

Deputy Rivera arrested the driver, who identified herself as Carmichael. When he verified with dispatch that she had previously been convicted of driving while intoxicated, he noted that the arrest was for "driving while intoxicated, third offense." Carmichael's boyfriend contacted a bonding agency and secured a bond for her release. Upon her release, the trial court provided Carmichael with documentation explaining the conditions of her bond and directed her to appear in

2

court on certain dates, including October 14. Despite her signed acknowledgment that she was required to appear and her bail bond company's repeated attempts to contact her, she failed to appear in court on October 14. Approximately two weeks later, the Montgomery County trial court issued a warrant for her arrest for failing to appear. The warrant indicated that the underlying charge was for "driving while intoxicated, third offense."

About nine months later, in June 2012, Officer E. Page of the Pasadena Police Department responded to a domestic disturbance call in his patrol area. When he arrived, he saw a white pickup truck parked in front of the house and a woman, later identified as Carmichael, getting into the driver's side of the cab. Officer Page collected identifying information from Carmichael, which he entered into an electronic database accessible from his cruiser. Officer Page located the Montgomery County arrest warrant for Carmichael, contacted the Montgomery County Sheriff's Office to confirm its validity, and took Carmichael into custody.

## Discussion

On appeal, Carmichael contends that the evidence is insufficient to support the jury's finding that the offense for which she failed to appear was a felony.

### Standard of Review

We review legal and factual sufficiency challenges using the same standard of review. *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.]

3

2010, pet. ref'd). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Additionally, the evidence is insufficient as a matter of law if the acts alleged do not constitute the criminal offense charged. *Williams*, 235 S.W.3d at 750.

An appellate court considers the combined and cumulative force of all the evidence, viewed in the light most favorable to the verdict, to determine whether the necessary inferences have a reasonable basis in the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence can be sufficient to establish guilt. *Id.* We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. We review the sufficiency of the evidence against the elements of the offense as would

be stated in a correct jury instruction. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

### *Failure to appear*

Carmichael was charged with failure to appear. *See* TEX. PENAL CODE ANN. § 38.10 (West 2011). To support a conviction for failure to appear, the evidence must prove that the defendant, who was released from custody on condition that she subsequently appear, intentionally or knowingly failed to appear, in accordance with the terms of her release. *Id.* § 38.10(a). Failure to appear is a misdemeanor, but it is enhanced to a third-degree felony if the offense for which the defendant's appearance was required was a felony. *Id.* § 38.10(f).

### *Analysis*

Carmichael contends that the evidence proffered during the guilt-innocence phase of her trial cannot prove the "felony classification of the case pending at the time of failure to appear." According to Carmichael, the evidence is insufficient to support the jury's verdict, because the case record contains no express declaration that she was required to appear on felony charges.

This argument is unavailing, because the record contains ample evidence showing that the underlying offense was a felony. The Montgomery County arrest warrant, admitted into evidence, issued after Carmichael failed to appear, lists "driving while intoxicated—third or more" as the "original offense" for which she

was required to appear. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). The Texas Penal Code classifies driving while intoxicated, third offense or more, as a third-degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).

Witness testimony corroborated the statements contained in the warrant. Deputy Rivera testified that he arrested Carmichael for an undisclosed felony on August 16.[1] Mike Weinzettle, the custodian of records for the Montgomery County Jail, confirmed that Carmichael was booked that same date on "felony" charges and that she was released on bail four days later, on August 20.

*Burns v. State,* 958 S.W.2d 483 (Tex. App.—Houston [14th Dist.] 1997, no pet.), relied on by Carmichael, fails to support her position. In *Burns*, also a felony failure-to-appear case, the State introduced the original bond document on which "felony" was circled, and two witnesses testified that the offense for which the defendant was charged was a felony. *Id.* at 489. The offense listed on the bond, however, was "attempted burglary of a building," a Class A misdemeanor. *Id.* Our sister court reversed, holding that this discrepancy rendered the evidence insufficient to support the defendant's conviction for felony failure to appear. *Id.*

---

[1] According to a pre-trial agreement, the parties refrained from mentioning the exact offense during guilt-innocence, which was driving while intoxicated, third offense or more. During punishment, Deputy Rivera testified that, after checking Carmichael's criminal history, he discovered that she had two prior DWI convictions; thus, he arrested her for a felony.

Carmichael contends that because the State did not introduce the original bond form into evidence, we must reverse. *Burns*, however, does not suggest that the bond form is essential to proving a failure to appear. *See id.* at 488-89. *Burns* instead based its insufficiency holding on the fact that the underlying offense identified on the bond form was a misdemeanor, not a felony, thereby disproving an element of the charged offense. *See id.* In contrast, the arrest warrant in this case identifies a felony as the underlying offense.

A hypothetically correct jury charge, which we use to measure the sufficiency of the evidence, would have defined "driving while intoxicated, third or more," as appears on the arrest warrant, as a felony. *See Malik*, 953 S.W.2d at 240. Because the parties agreed to refrain from mentioning the exact underlying offense during the guilt-innocence phase, the actual jury charge states: "Now if you find from the evidence beyond a reasonable doubt that . . . Carmichael did then and there, after being lawfully released from custody on a pending felony charge on condition that the defendant subsequently appear, intentionally or knowingly fail to appear in accordance with the terms of [her] release, then you will find the defendant "Guilty" as charged in the indictment." We hold that a jury reasonably could have inferred from the testimony that Carmichael was arrested and that she was required to appear and answer for a felony charge. *See Jackson*, 443 U.S. at 318 n.11, 320, 99 S. Ct. at 2789 n.11.

## Conclusion

Sufficient evidence supports the jury's finding that the offense for which Carmichael failed to appear was a felony. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish. TEX. R. APP. P. 47.2(b).